**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENGH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ARNOLDO DOMINGUEZ-
BARRAZA,

      Defendant-Appellant.

No. 07-1378
(D.C. No. 05-cr-00494-REB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Arnoldo Dominguez-Barraza, a citizen of Mexico, appeals his sentence of

77 months' imprisonment following his conviction for illegal reentry into the

United States by a previously deported felon in violation of 8 U.S.C. § 1326(a) &

(b)(2). He raises only one argument on appeal, contending that the sentence

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

imposed by the district court is substantively unreasonable. Discerning no abuse of discretion on the record before us, we **AFFIRM** his sentence.

**I**

On November 14, 2005, a grand jury indicted Dominguez-Barraza on one count of illegal reentry of a deported alien subsequent to conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b)(2). Dominguez-Barraza thereafter pleaded guilty to the indictment in exchange for the government's agreement to recommend a sentence at the bottom of the applicable United States Sentencing Guidelines ("Guidelines") range.

Dominguez-Barraza's Presentence Report ("PSR") calculated an initial base offense level of 8 for illegal reentry by a deported felon. See U.S.S.G. § 2L1.2(a). It then added 16 levels because Dominguez-Barraza had been previously deported following a conviction for a drug trafficking offense, see § 2L1.2(b)(1)(A)(i), and subtracted 3 points for acceptance of responsibility, see § 3E1.1, to arrive at a total adjusted offense level of 21. As to criminal history, the PSR placed Dominguez-Barraza in category VI. Based on this adjusted offense level and criminal history category, the PSR calculated an advisory Guidelines range of 77 to 96 months' imprisonment.

At his sentencing hearing, Dominguez-Barraza argued for a term of incarceration below the advisory Guidelines range, urging that the district court should grant a downward variance under the factors set forth in 18 U.S.C.

§ 3553(a). Specifically, he contended that he merited a sentence below the advisory range because: (1) He comes from an impoverished family in Mexico; (2) He was physically abused by his father during his youth; (3) Because of this abuse, he left home at the age of fourteen to start working and to support himself and his family; (4) He has been and currently is the sole source of financial support for his mother, who continues to reside in Mexico; (5) He has shown his ability to hold a good job and to support his family; (6) He has a new family in the United States with a wife and a two-year-old child, and ten-year-old and fifteen-year-old stepchildren; (7) He returned to the country illegally to support and be with his family; (8) Previously, he had problems with drugs and alcohol but has been sober for the past two years; (9) He has developed a plan to live in Mexico but still be close to his family without returning to the United States; and (10) He is now 39 years old and, as such, is much more responsible than before.

After entertaining these arguments at sentencing, the district court proceeded to address each of the § 3553(a) factors in substantial detail. In light of the relevant considerations, the district court ultimately concluded that a downward variance was not warranted under the statute and that Dominguez-Barraza should be sentenced to a term of 77 months' imprisonment, the bottom of the applicable advisory range. This timely appeal followed.

## II

Dominguez-Barraza argues on appeal that his sentence is substantively unreasonable because the district court did not give adequate consideration of, or sufficient emphasis to, the factual arguments that he raised at his sentencing hearing.[1]  According to his view of the matter, the justifications he offered to the district court were sufficient to warrant a downward variance from the advisory Guidelines range under the § 3553(a) factors.

We review a district court's sentencing determinations for an abuse of discretion, asking whether the sentence is reasonable in light of the factors set forth in § 3553(a).  Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006) ("Reasonableness review is guided by the factors set forth in 18 U.S.C. § 3553(a) . . . .").  Where the sentence imposed is selected from within a properly calculated Guidelines range, as in this case, we apply a presumption of reasonableness.  Kristl, 437 F.3d at 1053; see also Rita, 127 S. Ct. at 2462 (upholding use of an appellate presumption of reasonableness for those sentences falling within a properly calculated Guidelines range).

---

[1] To the extent Dominguez-Barraza's brief can be read to raise a challenge to the procedural reasonableness of his sentence, we reject that argument.  The district court's statement at sentencing was more than adequate to satisfy us that it carefully considered the relevant sentencing factors.  See Rita v. United States, 127 S. Ct. 2456, 2468 (2007).

Having reviewed the record before us, we cannot say that the district court abused its discretion in selecting a sentence of 77 months' imprisonment. From the transcript of the sentencing hearing, it is apparent that the district court entertained each of the arguments asserted by Dominguez-Barraza, carefully examined the potential justifications for a below-Guidelines sentence, and thoroughly considered the applicability of each of the § 3553(a) factors. Thus, although Dominguez-Barraza raises several plausible arguments for a lesser sentence, his arguments fail, on whole, to establish that a 77-month sentence is unreasonable. See Gall, 128 S. Ct. at 597 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

## III

For the foregoing reasons, we **AFFIRM** Dominguez-Barraza's sentence.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge